MICHAEL SMITH ATTORNEY PLLC (Bar No. 13365)
1896 NORTH 1120 WEST
PROVO, UTAH 84604
(801) 373-4000
smithlaw.pro@gmail.com

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARCIE BOREN, ) | |
| ) | CASE NO. |
| Plaintiff, ) | |
| ) | COMPLAINT FOR |
| vs. ) | |
| ) | 1. FAILURE TO PAY OVERTIME |
| CASELLE, INC., a Utah corporation, ) | 2. VIOLATION OF FEDERAL |
| ) | EQUAL PAY ACT |
| ) | 3. INJUNCTIVE RELIEF |
| Defendants. ) | |
| _____ ) | |

Plaintiff MARCIE BOREN ("Plaintiff"), by and through her attorney, alleges the

following against all defendants:

1. This is an action for failure to pay overtime pursuant to 29 U.S.C. §207(a)(1),

for violation of the Federal Equal Pay Act pursuant to 29 U.S.C. §206(d), and for

injunctive relief to prevent ongoing violations of the Fair Labor Standards Act..

2. Plaintiff MARCIE BOREN is a citizen of the State of Utah and a resident of

Utah County, Utah. Defendant CASELLE, INC. is a Utah corporation with its primary

place of business in Provo, Utah County, Utah..

1

3. This Court has subject matter jurisdiction over this matter under 29 U.S.C. §216(b), and plaintiff has standing to sue under 29 U.S.C. §216(b).

4. Plaintiff is informed, believes, and alleges that defendant CASELLE, INC. qualifies as an employer under the Fair Labor Standards Act, is an enterprise engaged in interstate commerce, and is liable to plaintiff for the damages alleged herein.

<u>FIRST COUNT</u>

5.  Plaintiff MARCIE BOREN has been continuously employed by defendant CASELLE, INC. in its Sales Department since approximately October of 1998.

6. On or about December 20, 2016, plaintiff was given the position of inside salesman for Caselle, Inc.  From approximately January 1, 2017 through January 2019 Plaintiff was employed by defendants as an inside salesman promoting the sale of proprietary software licenses and assisting existing customers, for which she was paid a base salary of $50,000 per annum, plus sales commissions averaging approximately $25,000 per annum. Plaintiff at all times performed her employment duties and salesperson duties in a professional and satisfactory manner.

7.  Plaintiff alleges that her inside sales position was a non-exempt position for which she was entitled to overtime pay, pursuant to 29 U.S.C. §207(a)(1) of the Fair Labor Standards Act.  Between January 1, 2017 and December 31, 2017, plaintiff's regular pay rate was $41.08 per hour, and she worked 159.67 hours of overtime for which she did not receive any compensation. Defendant therefore is liable to plaintiff for $9,838.87 in unpaid overtime for 2017, plus $9,838.87 in liquidated damages under 29

2

U.S.C. §216(b), plus interest of $4,000.00, plus attorney fees and court costs.

8.   Between January 1, 2018 and January 31, 2019, plaintiff's regular pay rate was $43.00 per hour, and she worked 190.79 hours of overtime for which she did not receive any compensation.  Defendant therefore is liable to plaintiff for $12,306.00 in unpaid overtime for 2018, plus $12,306.00 in liquidated damages under 29 U.S.C. §216(b), plus interest of $2,500.00, plus attorney fees and court costs.

9.   Defendant is liable under the First Count for a total of $50,789.74, plus attorney fees and court costs.

SECOND COUNT

10.   Plaintiff alleges herein paragraphs 1 through 5 of this Complaint as if restated in full at this place.

11.  Beginning February 1, 2019, plaintiff was given the position of Territory Manager engaged in outside sales of proprietary software licenses for defendant Caselle, Inc.  Defendant employs male Territory Managers whom it pays a base salary of $80,000.00 per year, plus commission.  Plaintiff has been a member of defendant's sales force for 21 years and now performs the same work as the male Territory Managers with the same responsibilities and under the same working conditions, so she requested that she be paid the same base salary as the male Territory Managers.

12.  Despite her demand, defendant is paying plaintiff a base salary of only $55,000.00 per year, plus the same commission structure as the men.  In addition, defendant is allowing the male Territory Managers to earn sales commissions on new

sales in regional areas that have now been assigned to plaintiff reducing the commissions to which she is entitled under their agreement.

13.  Since plaintiff is the only female Territory Manager working for defendant, and defendant has rejected her demand to be paid at the same rate as it pays its male employees with the same title and performing the same work, plaintiff alleges that defendant is intentionally violating the Federal Equal Pay Act (29 U.S.C. §206(d).

14. Plaintiff has suffered and continues to suffer financial and other damages from this intentional deprivation of her legal rights to receive equal pay for equal work. Her financial loss is a minimum of $25,000 per year, plus any commissions that defendant has or will pay to male Territory Managers for sales in her sales territory. Pursuant to 29 U.S.C. §216(b), defendants are also liable to plaintiff for liquidated damages of not less than $25,000.00 per year, beginning February 1, 2019 and ongoing until an award in this case, plus interest, a reasonable attorney's fee, and court costs.

## THIRD COUNT

15.  Plaintiff realleges each of the allegations in paragraphs 1 through 14 of this Complaint as if restated at this place.

16.  Plaintiff Marcie Boren has suffered over the last six months, and continues to suffer irreparable harm by defendant's refusal to pay her the base salary of $80,000.00 per year which it is paying its male Territory Managers. Defendant Caselle, Inc. is intentionally violating the Federal Equal Pay Act, and thereby wrongfully discriminating against plaintiff based upon her sex.

4

17.  There is a substantial likelihood that plaintiff will prevail on the merits of her claim of equal pay for equal work, and ordering defendant to comply with the law will further, and not be adverse to the public interest. There will be no untoward damage caused to defendant by ordering it not to decrease the pay of its male employees, but to increase the pay of its only female Territory Manager to their level.

18.  Plaintiff has no other available remedy to provide her with fair compensation during the time this litigation is pending, so plaintiff petitions the Court for an order enjoining defendant to increase plaintiff's base pay to $80,000.00 per annum immediately.


WHEREFORE, plaintiff demands judgment against defendant as follows:

1. For unpaid overtime and penalties in the total sum of $50,789.74.

2. For lost earnings and penalties of $50,000.00 from 2/1/19 to the present;

3. For ongoing damages under the Federal Equal Pay Act of $50,000.00 per year

4. For injunctive relief to require defendant to increase plaintiff's base pay to $80,000.00 per year, plus commissions, immediately,

5. For a reasonable attorney fee of not less than $25,000;

6. For costs of suit; and

7. For such other and further relief as the Court finds appropriate.


Dated: July 10, 2019                    /s/ Michael Smith
                                         Michael Smith
                                         Attorney for Plaintiff