IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARCI BOREN, <br><br> Plaintiff, <br> v. <br><br> CASELLE, INC., a Utah Corporation, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO DISMISS <br><br> Case No. 2:19-cv-508 DBP <br><br> Magistrate Judge Dustin B. Pead |

The parties in this case consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. 636(c). ECF 14. Pending before the court is the parties' Stipulated Motion to Dismiss. ECF 7. Plaintiff filed this action on July 18, 2019, bringing claims against Defendant under the Fair Labor Standards Act (FLSA) and the Equal Pay Act. ECF 2. The court will grant the parties' stipulated motion.

Generally, settlements of FLSA claims require approval by the district court. *See, e.g.,* *Campbell v. C.R. England, Inc.*, 2015 WL 5773709, at *2 (D. Utah Sept. 30, 2015); *Robles v. Brake Masters Sys., Inc.*, 2011 WL 9717448, at *18 (D.N.M. Jan. 31, 2011). The court has carefully reviewed the confidential settlement agreement and concludes:

1. There is a bona fide dispute in this matter and settlement was reached in the adversarial context of this case. *See* *Brueningsen v. Resort Express Inc.*, 2016 WL 10520905, at *2 (D. Utah Sept. 8, 2016) (approving a FLSA settlement agreement in the adversarial context of the case because it was "fair given the procedural posture of the case and the attendant risks of continued litigation").

2. The parties were represented by competent counsel and the proposed settlement appears to be the product of proper arm's length negotiations.

3. The settlement agreement is fair and reasonable given the context of the case and its procedural posture. See *Brueningsen*, 2016 WL 10520905, at *2; *see also Tennille v. W. Union Co.*, 785 F.3d 422, 434 (10th Cir. 2015) (setting forth factors to consider when determining whether a proposed class settlement is fair and reasonable under the FLSA).[1]

ORDER

Based on the foregoing, IT IS HEREBY ORDERED that final approval of the parties' Settlement Agreement is GRANTED. The parties Stipulated Motion to Dismiss is therefore GRANTED and this case is dismissed.

The Clerk of the Court is directed to close this case.

DATED this 2 October 2019.

_____
Dustin B. Pead
United States Magistrate Judge

---

[1] The non-exhaustive factor list includes whether: "(1) the settlement was fairly and honestly negotiated, (2) serious legal and factual questions placed the litigation's outcome in doubt, (3) the immediate recovery was more valuable than the mere possibility of a more favorable outcome after further litigation, and (4) [the parties] believed the settlement was fair and reasonable." *Tennille*, 785 F.3d at 434.